**Opinion issued July 28, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00431-CR

———————————

**MARIANNE MAREK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court of Law**
**Austin County, Texas**
**Trial Court Case No. 13CR 30663**

---

## MEMORANDUM OPINION

A jury convicted appellant, Marianne Marek, of the misdemeanor offense of

interference with public duties[1] and assessed a $500.00 fine probated for one year.

---

[1]   "A person commits an offense if the person with criminal negligence interrupts,
disrupts, impedes, or otherwise interferes with . . . a peace officer while the peace

In her sole point of error, appellant contends that the trial court erred in excluding the testimony of a lay witness on the issue of appellant's mental condition. We affirm.

## Background

Officers went to appellant's home to issue a citation for violating a city ordinance. Appellant confronted the officers and accused them of harassing her. She refused to sign the citation, refused to identify herself, and verbally abused the officers. As a result of appellant's refusal to sign the citation, the officers attempted to arrest her, but she refused to cooperate, instead lying down on the ground on top of her hands. The officers picked up appellant and carried her to the patrol car to effectuate her arrest.

At trial, Dr. Lagrone, appellant's psychiatrist, testified that he had treated appellant since 2005 and that the second time he saw appellant it was clear that she suffered from post-traumatic stress disorder. Dr. Lagrone testified that appellant's condition caused her to have severe panic attacks, and that during these attacks appellant would not be aware of the risks associated with her actions. According to Dr. Lagrone, the tape recording of the incident admitted as State's Exhibit 1 was of appellant having a panic attack.

officer is performing a duty or exercising authority imposed or granted by law . . . ." Tex. Penal Code Ann. § 38.15(a)(1) (West 2011 & Supp. 2014).

2

The defense then called appellant's housemate, Jenny Latiolais, who testified about the incident:

Q. Okay. And then what, if anything, happened from there?

A. Just a total meltdown of Marianne. She had a full-blown episode and I was trying to help in every way that I could and I was trying to get someone over there.

Q. What do you mean, "an episode"?

A. I had seen it.

[Prosecutor]: Objection, Your Honor. This witness isn't going to have any expertise in the area of mental health, if that's what she is about to testify to.

[Defense Counsel]: Judge, she can testify [about] what she saw. She's saying that she saw an episode.

[Prosecutor]: She was talking about things that she had seen prior to this incident that were objectionable.

[Witness]: I'll just—

[Court]: Ms. Latiolais, just testify about what you saw that night for right now.

[Witness]: Okay.

[Defense Counsel]: Okay.

Q. Did you see her acting different than normal?

A. Yes.

Q. And was she loud?

A. Yes, she was.

3

Q. Okay. And did she continue to say she was being harassed?

A. Yes.

Q. Have you ever observed her have a panic attack?

A. Yes, I have.

[Prosecutor]: Objection, Your Honor. Same question, same objection.

[Defense Counsel]: Judge, she can testify to what she has seen before.

[Prosecutor]: The Court just ruled that she was only supposed to address that night.

[Court]: The objection is sustained.

The jury subsequently found appellant guilty of interference with public duties and assessed a $500.00 fine probated for one year. This appeal followed.

### Exclusion of Evidence

In her sole point of error, appellant contends that the trial court erred in excluding Latiolais's testimony about appellant's mental condition because the testimony was relevant to the question of appellant's mens rea, and the erroneous exclusion violated her constitutional right to a fair trial.[2]

---

[2] The mens rea of the charged offense in this case is criminal negligence. The jury charge instructed the jury, in pertinent part:

A person acts with criminal negligence or is criminally negligent with respect to circumstances surrounding her conduct or the result of her conduct when she ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to

4

## A. Preservation

The State argues that appellant failed to preserve this issue for appellate review because she failed to satisfy the requirements of Rule of Evidence 103. Rule 103 provides, in pertinent part,

> (a) Effect of Erroneous Ruling.  Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
>
> . . . .
>
> (2) Offer of proof.  In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked.

TEX. R. EVID. 103.

Here, appellant did not make an offer of proof informing the trial court of the substance of the excluded testimony.  However, the substance of Latiolais's excluded testimony—that appellant's behavior on the day of the incident was consistent with her behavior during prior panic attacks—was apparent from the context within which defense counsel questioned the witness.  Therefore, the issue has been preserved for review.

---

perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

**C. Error**

Appellant asserts that the trial court erred in excluding Latiolais's testimony about appellant's mental condition because, "[h]aving seen [appellant] have such severe episodes or panic attacks in the past, Ms. Latiolais, if allowed to by the court, could have told the jury whether the behavior of [appellant] was consiste[nt] with what she had seen before when [appellant] was having such a panic attack or episode." Appellant argues that if the jury had heard this testimony in addition to Dr. Lagrone's testimony, it could have reasonably believed that appellant was not aware of the risk or result of her conduct, i.e., that she did not have the requisite mens rea for the charged offense.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Rodriguez v. State*, 203 S.W.3d 837, 841 (Tex. Crim. App. 2006). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). When considering a trial court's decision to admit or exclude evidence, we will not reverse the ruling unless it falls outside the "zone of reasonable disagreement." *Green v. State*, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996) (citations omitted); *Conelly v. State*, 451 S.W.3d 471, 476 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Assuming, without deciding,

6

that the trial court erred in excluding this testimony, we must determine whether the error was harmful. *See* TEX. R. APP. P. 44.2.

Generally, the erroneous exclusion of evidence offered under the rules of evidence is non-constitutional error and is reviewed under Rule 44.2(b). *Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007); *Wilson v. State*, 451 S.W.3d 880, 886 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). The erroneous exclusion of evidence can rise to the level of constitutional error, however, when the excluded evidence "forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense." *Potier v. State*, 68 S.W.3d 657, 665–66 (Tex. Crim. App. 2002) (en banc) (concluding that exclusion of evidence is not constitutional error where defendant was not prevented from presenting substance of his defense). While excluding evidence that would "incrementally" further the defendant's theory is not constitutional error, excluding evidence that "goes to the heart of the defense" is. *Wilson*, 451 S.W.3d at 886–87 (quoting *Ray v. State*, 178 S.W.3d 833, 836 (Tex. Crim. App. 2005) and *Wiley v. State*, 74 S.W.3d 399, 405 (Tex. Crim. App. 2002)).

Here, the excluded evidence was relevant to appellant's theory that she did not possess the requisite mens rea but its exclusion did not prevent her from presenting a defense. In reviewing the record, it is clear from Dr. Lagrone's and Latiolais's testimony that appellant had suffered panic attacks in the past and that

she was having an attack that day. Dr. Lagrone testified that he had treated appellant for nine years, she suffered from post-traumatic stress disorder which caused her to have severe panic attacks, and during these attacks appellant would not be aware of the risks associated with her actions. Further, Dr. Lagrone unequivocally testified that appellant was experiencing a panic attack on the day in question.[3] When asked about the incident, Latiolais described appellant as having "a total meltdown" and "a full-blown episode" and that appellant was loud and not acting normally. When defense counsel asked Latiolais if she had ever observed appellant have a panic attack, Latiolais responded, "[y]es, I have." Thus, the jury heard testimony from both Dr. Lagrone and Latiolais that appellant had experienced panic attacks in the past and was having an attack that day—this evidence, along with Dr. Lagrone's testimony that during these attacks appellant would not be aware of the risks associated with her actions, is sufficient evidence for appellant's defense of reduced mental capacity. Further, it is likely that Dr. Lagrone's testimony was far more persuasive, given his qualifications and history

---

[3] Dr. Lagrone testified:

> What I heard on the tape was a panic attack. Absolutely. This was not a normal person protesting the law in the wrong way, as the prosecutor opened her comments with. Wrong way, right way to protest the law. This is a person who was irrational. She had lost control. She was yelling and screaming because of this mental defect that she has.

8

treating appellant, than Latiolais's description of appellant's prior episodes. *Potier*, 68 S.W.3d at 666 ("That [the defendant] was unable to . . . present his case to the extent and in the form he desired is not prejudicial where, as here, he was not prevented from presenting the substance of his defense to the jury.") (citation omitted). Because appellant was able to present her defense, the trial court's ruling was not of constitutional dimension under Rule 44.2(a).

Under Rule 44.2(b), any non-constitutional error that does not affect substantial rights must be disregarded. *Smith v. State*, 420 S.W.3d 207, 219 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King*, 953 S.W.2d at 271 (citations omitted).[4] As previously discussed, the jury heard testimony from Latiolais and Dr. Lagrone that appellant had experienced panic attacks in the past, that she was experiencing one on the day in question, and that during these attacks appellant was loud and irrational and would not be aware of the risks associated with her actions. Thus, even if the trial court abused its discretion when it excluded Latiolais's testimony, any such error was harmless under Rule 44.2(b) because it was cumulative of other testimony admitted at trial. *See Rangel v. State*, 179 S.W.3d 64, 70 (Tex. App.—San Antonio

---

[4] The Court of Criminal Appeals has noted that "the standard of review under [Rule 103(a)] is the same as that under Rule of Appellate Procedure 44.2(b)." *Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2007) (en banc).

2005, pet. ref'd) (holding no harm when complained-of excluded evidence was admitted through other testimony); *Franks v. State*, 90 S.W.3d 771, 805–06 (Tex. App.—Fort Worth 2002, no pet.) (holding that because complained-of testimony was generally cumulative of other evidence introduced in case, no harm attached). We overrule appellant's point of error.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Keyes, Huddle, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).